IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THEODORE CASPER, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>US BANK, N.A.,<br><br>  Defendant. | CASE NO: 5:19-CV-0850 (TJM/TWD)<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Theodore Casper, on behalf of himself and all others similarly situated, alleges breach of contract and violations of the New York General Business Law against Defendant U.S. Bank, N.A. ("U.S. Bank"). In support thereof Plaintiff alleges as follows:

### STATEMENT OF THE CASE

1. Borrowers in New York struggle enough to make their regular mortgage payments without getting charged extra, illegal fees when they try to pay by automated phone system or online ("Pay-to-Pay Fees"). Many borrowers pay by phone or online because it generates a receipt of the payment and a clear record. U.S. Bank charges New York homeowners an unfair $5.00 Pay-to-Pay Fee for each online mortgage payment transaction ("Pay-to-Pay Transaction"). Mr. Casper has paid this fee at least forty-four times.

2. The actual cost for U.S. Bank to process online mortgage payment transactions is very low—well below $5.00. U.S. Bank pockets the difference.

3. U.S. Bank services mortgages throughout the United States, including New York State.

1

4.  Despite its uniform contractual obligations to charge only fees explicitly allowed under the mortgage, applicable law, and only those amounts actually disbursed, U.S. Bank leverages its position of power over homeowners and demands these excessive and unfair Pay-to-Pay Fees.

5.  Even if some fees were allowed, the mortgage uniform covenants allow U.S. Bank to pass along only the actual cost of fees incurred to it to the borrower—not to profit off of such transactions.

6.  U.S. Bank must be held accountable for its actions. U.S. Bank knowingly violated its contracts with borrowers, and the New York General Business Law, by charging fees not expressly allowed under the uniform contractual obligations contained in its standard form mortgage agreements.

## PARTIES

7.  Mr. Casper is a citizen of New York who resides in East Syracuse, New York.

8.  U.S. Bank is a Delaware corporation with a principal place of business in Minneapolis, Minnesota.

## JURISDICTION AND VENUE

9.  This Court has personal jurisdiction because U.S. Bank conducts business in New York and commits torts in New York, as described in this Complaint.

10. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act because the parties are citizens of different states and the amount in controversy is greater than $5 million.

11. Venue is proper because a substantial part of the events giving rise to Mr. Casper's claims occurred in this District.

## FACTUAL ALLEGATIONS

12. On or about May 27, 2014, Mr. Casper purchased a home in East Syracuse, New York through a home loan from Paragon Home Loans, Inc., secured by a mortgage on the property. Mr. Casper made timely mortgage payments.

13. U.S. Bank acquired the servicing rights for the mortgage.

14. U.S. Bank remains the servicer today.

15. Throughout the term of his mortgage, Mr. Casper has made monthly mortgage payments online using a debit card.

16. U.S. Bank has charged Mr. Casper an additional Pay-to-Pay Fee every time he made his mortgage payment online. The Pay-to-Pay Fee was $3.50 until June 2, 2016, at which point U.S. Bank increased the amount of the Pay-to-Pay Fee to $5.00.

17. Mr. Casper's Mortgage Agreement is attached as Exhibit A.

18. U.S. Bank's demand for payment of Pay-to-Pay Fees is a breach of the Mortgage Agreement, which does not delineate Pay-to-Pay Fees as one of the many charges that the lender, or loan servicer acting on behalf of the lender, may charge. There is simply no provision in the mortgage that allows U.S. Bank to collect Pay-to-Pay Fees.

19. U.S. Bank's demand for payment of Pay-to-Pay Fees is also a breach of Section 16 which provides, "This Security Instrument is governed by federal law." Federal debt collection law prohibits the collection of any amount incidental to the principle obligation unless that amount is *expressly* stated in the loan agreement. *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt or permitted by law**." (emphasis added).

20. New York federal courts have reached the same conclusion that the demand for processing fees are illegal where they are not expressly identified in the loan agreement. *See Quinteros v. MBI Assocs., Inc.,* 999 F.Supp.2d 434 (E.D.N.Y. 2014) (with respect to payment processing fee not authorized by agreement or law); *Shami v. Nat'l Enterprise Sys.,* No. 09-cv-722, 2010 WL 3824151 (E.D.N.Y. Sept. 23, 2010) (pay-by-phone fees).

21. To the extent that U.S. Bank claims there is any allowance of fees to be charged under section 14 of the Mortgage Agreement, those charges are limited to those charged when the borrower is in default. Even if the Pay-to-Pay Fees were default related fees, which they are not, U.S. Bank's demand for payment of Pay-to-Pay Fees is a direct breach of Section 9 of the Mortgage Agreement, "Lender's Right to Protect Its Rights in the Property," which states only that the borrower "will pay to Lender any amounts, with interest, which Lender *spends under this Section 9.*" (emphasis added). The Pay-to-Pay Fees are not authorized to be spent under Section 9. *See* Ex. A ¶9.

22. U.S. Bank's demand for payment of Pay-to-Pay Fees is also a breach of Section 14, prohibition that "Lender may not charge fees that are prohibited by this Security Instrument or by Applicable Law." "Applicable Law" is defined as "[a]ll controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable, judicial opinions." *See* Ex. A ¶14.

23. By charging the Pay-to-Pay Fees, U.S. Bank has violated the "Applicable Law" provision, as defined by its Mortgage Agreement, and thus breached its contract. The Mortgage Agreement does not expressly allow U.S. Bank to charge Pay-to-Pay Fees. *See* N.Y. Gen. Bus. L. § 601(2) (making it illegal to attempt to collect any "expense" unless such charges are justly

due and legally chargeable against the debtor); *id.* 601(8) (making it illegal to claim or attempt to enforce a right with knowledge or reason to know the right does not exist).

24. Because the "Lender's Right to Protect Its Rights in the Property" is a uniform promise, U.S. Bank has breached its contract on a class-wide basis.

25. Prior to filing this Complaint, Mr. Casper made a written pre-suit demand upon U.S. Bank.

26. U.S. Bank responded but did not offer complete relief to Mr. Casper or the class he seeks to represent.

27. U.S. Bank was given a reasonable opportunity to cure its breaches described herein, but failed to do so.

## CLASS ALLEGATIONS

28. Plaintiff brings this action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of persons, subject to modification after discovery and case development: **All persons with a New York address to whom U.S. Bank and its agents charged, collected, or attempted to collect fees for the use of debit card or debit automatic clearing house ("ACH") mortgage payments from the earliest date of the applicable statute of limitations for each of Plaintiff's claims through the date the Court grants class certification.**

29. Class members are identifiable through Defendant's records and payment databases.

30. Excluded from the classes are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

Case 5:19-cv-00850-TJM-TWD    Document 1    Filed 07/17/19    Page 6 of 12

31. Plaintiff requests that he be appointed class representative.

32. Plaintiff and the Class has all been harmed by the actions of Defendant.

33. Numerosity is satisfied. There are likely thousands of class members, who may be identified through U.S. Bank's servicing records. Individual joinder of these persons is impracticable.

34. There are questions of law and fact common to Plaintiff and to the Class, including, but not limited to:

   a. Whether U.S. Bank breached its contracts with Class members;

   b. Whether U.S. Bank violated federal law by charging Pay-to-Pay Fees;

   c. Whether U.S. Bank violated the New York General Business Law by charging Pay-to-Pay Fees;

   d. Whether U.S. Bank's cost of the Pay-to-Pay Transactions is less than the amount it charged for Pay-to-Pay Fees;

   e. Whether Plaintiff and the Class members are entitled to actual and statutory damages as a result of U.S. Bank's actions; and

   f. Whether Plaintiff and the Class members are entitled to attorneys' fees and costs.

35. Mr. Casper's claims are typical of the claims of Class members. U.S. Bank charged each of the Class members Pay-to-Pay Fees in the same manner as Mr. Casper and the other Class members. Mr. Casper and the other Class members entered into uniform covenants in their Mortgage Agreements that prohibit Pay-to-Pay charges. Alternatively, if U.S. Bank is permitted under the Mortgage Agreements to charge Pay-to-Pay Fees, the amount permitted is capped at the actual amounts disbursed by U.S. Bank for the Pay-to-Pay Transactions.

6

36.     Mr. Casper is an adequate representative of the Class because his interests do not conflict with the interests of the other class members and he will fairly and adequately protect the interests of the Class members. Mr. Casper has hired experienced and skilled counsel to protect the interests of the Class.

37.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

38.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

### COUNT I
### Breach of Contract

39.     Mr. Casper re-alleges the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

40.     On or about May 27, 2014, Mr. Casper purchased a home in East Syracuse, New York through a home loan from Paragon Home Loans, Inc., secured by a mortgage on the property. Mr. Casper made timely mortgage payments.

41.     U.S. Bank acquired the servicing rights for the mortgage.

42.     U.S. Bank remains the servicer today.

43.     Throughout the term of his mortgage, Mr. Casper has made monthly mortgage payments online using a debit card.

44.     U.S. Bank has charged Mr. Casper an additional fee every time he made his mortgage payment online. The fee was $3.50 until June 2, 2016, at which point U.S. Bank increased the amount of the fee to $5.00.

45.     Mr. Casper's Mortgage Agreement is attached as Exhibit A.

46. U.S. Bank's demand for payment of Pay-to-Pay Fees is a breach of the Mortgage Agreement, which does not delineate Pay-to-Pay Fees as one of the many charges that the lender, or loan servicer acting on behalf of the lender, may charge. There is simply no provision in the mortgage that allows U.S. Bank to collect Pay-to-Pay Fees.

47. U.S. Bank's demand for payment of Pay-to-Pay Fees is also a breach of Section 16 which provides, "This Security Instrument is governed by federal law." Federal debt collection law prohibits the collection of any amount incidental to the principle obligation unless that amount is *expressly* stated in the loan agreement. *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) **unless such amount is expressly authorized by the agreement creating the debt or permitted by law**." (emphasis added).

48. New York federal courts have reached the same conclusion that the demand for processing fees are illegal where they are not expressly identified in the loan agreement. *See Quinteros v. MBI Assocs., Inc.*, 999 F.Supp.2d 434 (E.D.N.Y. 2014) (with respect to payment processing fee not authorized by agreement or law); *Shami v. Nat'l Enterprise Sys.*, No. 09-cv-722, 2010 WL 3824151 (E.D.N.Y. Sept. 23, 2010) (pay-by-phone fees).

49. To the extent that U.S. Bank claims there is any allowance of fees to be charged under section 14 of the Mortgage Agreement, those charges are limited to those charged when the borrower is in default. Even if the Pay-to-Pay Fees were default related fees, which they are not, U.S. Bank's demand for payment of Pay-to-Pay Fees is a direct breach of Section 9 of the Mortgage Agreement, "Lender's Right to Protect Its Rights in the Property," which states only that the borrower "will pay to Lender any amounts, with interest, which Lender *spends under*

*this Section 9.*" (emphasis added). The Pay-to-Pay Fees are not authorized to be spent under Section 9. *See* Ex. A ¶9.

50. U.S. Bank's demand for payment of Pay-to-Pay Fees is also a breach of Section 14, prohibition that "Lender may not charge fees that are prohibited by this Security Instrument or by Applicable Law." "Applicable Law" is defined as "[a]ll controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable, judicial opinions." *See* Ex. A ¶14.

51. By charging the Pay-to-Pay Fees, U.S. Bank has violated the "Applicable Law" provision, as defined by its Mortgage Agreement, and thus breached its contract. The Mortgage Agreement does not expressly allow U.S. Bank to charge Pay-to-Pay Fees. *See* N.Y. Gen. Bus. L. § 601(2) (making it illegal to attempt to collect any "expense" unless such charges are justly due and legally chargeable against the debtor); *id.* 601(8) (making it illegal to claim or attempt to enforce a right with knowledge or reason to know the right does not exist).

52. Because the "Lender's Right to Protect Its Rights in the Property" is a uniform promise, U.S. Bank has breached its contract on a class-wide basis.

53. Mr. Casper and the members of the Class were harmed and incurred monetary damages as a result of U.S. Bank's breach of its contracts with them.

## COUNT II
### Violation of N.Y. Gen. Bus. L. § 349

54. Mr. Casper re-alleges the allegations contained in paragraphs 1 through 38 as though fully set forth herein.

55. U.S. Bank's foregoing acts and practices were directed at consumers.

56. U.S. Bank engaged in deceptive acts or practices relating to the assessment of Pay-to-Pay Fees on borrowers.

57. New York Gen. Bus. L. § 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." *Id.*

58. U.S. Bank engaged in deceptive acts or practices that violated § 349 when it knowingly and intentionally employed an unfair and deceptive policy and practice of charging fees not permitted under borrowers' mortgage agreements and misrepresenting and failing to disclose its policy and practice to borrowers whose mortgages it services.

59. U.S. Bank also engaged in unlawful conduct when it abused its discretion to interpret borrowers' mortgage agreements in a manner harmful to consumers and beneficial to U.S. Bank. U.S. Bank took advantage of Mr. Casper and the Class members by claiming and collecting debts for amounts not owed.

60. U.S. Bank also engaged in deceptive acts or practices when it failed to inform Mr. Casper when he paid the Pay-to-Pay Fees that the actual cost of the online payment transaction was far less than the amount charged. U.S. Bank intended for Mr. Casper to rely on these omissions and thereby incur the Pay-to-Pay Fees.

61. U.S. Bank's deceptive acts or practices are "consumer-oriented." Mr. Casper purchased his home by residential mortgage for personal, family, or household use.

62. U.S. Bank caused Mr. Casper and members of the Class to suffer ascertainable losses in the form of excessive fees that, but for U.S. Bank's unfair and deceptive policies, they would not have otherwise paid.

63. A causal relationship exists between U.S. Bank's unlawful conduct and the ascertainable losses suffered by Mr. Casper and members of the Class. Had U.S. Bank kept its promises and refrained from charging Pay-to-Pay Fees, Mr. Casper and the Class members would not have incurred these fees.

64. As redress for U.S. Bank's repeated and ongoing violations of § 349, Mr. Casper and the Class are entitled to, *inter alia*, damages, treble damages, injunctive relief, declaratory relief, and reasonable attorney's fees. N.Y. Gen. Bus. L. § 349(h).

## JURY TRIAL DEMAND

65. Mr. Casper demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against U.S. Bank for himself and the members of the Class as follows:

66. Certifying this matter as a class action under Fed. R. Civ. P. 23;

67. Designating Plaintiff as an appropriate Class Representative;

68. Awarding Plaintiff and the Class damages along with prejudgment and postjudgment interest as allowed by law;

69. Awarding Plaintiff and the Class attorney's fees and costs of this case; and

70. Granting all other such relief as the Court deems just and proper.

Dated: July 16, 2019
Oneonta, New York

By: /s/ Theodoros Basdekis
Theodoros Basdekis
SCARZAFAVA, BASDEKIS & DADEY, PLLC
48 Dietz Street, Suite C
Oneonta, NY 13820-5107
Telephone: (607) 432-9341
Fax: (607) 432-1986
tbasdekis@stny.rr.com

James L. Kauffman (*pro hac vice* to be filed)
**BAILEY GLASSER, LLP**
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Fax: (202) 342-2103

jkauffman@baileyglasser.com

Hassan A. Zavareei (*pro hac vice* to be filed)
Katherine M. Aizpuru (*pro hac vice* to be filed)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
hzavareei@tzlegal.com
kaizpuru@tzlegal.com

*Counsel for Plaintiff and the Putative Class*